UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARIUS QUINARD CARLISLE, | CASE NO. 4:10 CV 2711 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION AND ORDER |
| J.T. SHARTLE, | |
| Respondent. | |

Before the Court is *pro se* petitioner Darius Quinard Carlisle's above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden J.T. Shartle.[1] Petitioner asserts he is actually innocent of his conviction for violating 18 U.S.C. §§1951 and 924(c)(1)(A).

## *Background*

Petitioner was indicted on two counts in the United States District Court for the

---

[1] The current warden at F.C.I. Elkton is Robert Farley.

Southern District of West Virginia in 2004. *See United States v. Carlisle*, No. 2:04cr00096 (S.D. WV filed May 5, 2004). He was charged with Conspiracy to Interfere with Commerce by Threat and Violence, as well as Use of a Firearm During Crime of Violence in violation of 18 U.S.C. §§1951 and 924(c)(1)(A). A superceding indictment was issued on July 29, 2004 which leveled the same violations. Petitioner subsequently entered a guilty plea to both counts of the superceding indictment. He was sentenced consecutively to 96 months imprisonment for Count 1 and 120 months for Count 2 on February 25, 2005.

Almost three years after sentencing, Mr. Carlisle filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Carlisle v. United States*, No. 2:08cv0142 (S.D. WV filed Mar. 3, 2008). The district court denied the motion as time barred on July 22, 2008. Petitioner then filed a 28 U.S.C. § 2241 petition for habeas corpus in this court seeking to set aside his sentence. *Carlisle v. United States*, No. 1:08cv2527 (N.D. Ohio filed Oct. 24, 2008)(Katz, J.) The petition was denied after Petitioner failed to argue his remedy under 28 U.S.C. § 2255 was inadequate.

*Analysis*

Petitioner again argues he is actually innocent of the crimes to which he pleaded guilty. First, he claims that "commerce" means trade or communication between several states. He cites *United States v. Quigley*, 53 F.3d 909 (8th Cir. 1995), *United States v. Perrotta*, 313 F.3d 33 (2nd Cir. 2002), *United States v. Wang*, 222 F.3d 234 (6th Cir. 2000) and *United States v. Johnson*, 246 F.3d 749 (5th Cir. 2001) to support his proposition that convictions under §1951 cannot involve a local merchant or delivery person. In each case, he argues the court failed to find the requisite interstate commerce necessary to create a federal claim. He argues that the pizza delivery man he robbed was not involved in interstate commerce at the time he attacked him. Thus, he claims there

2

is no "factual base for the plea and its acceptance by the Court." (Pet. at 6.)

## 28 U.S.C. § 2241

Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). The remedy afforded under 28 U.S.C. § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)

It is only through the safety valve provision of § 2255 that a federal prisoner may bring a § 2241 claim challenging his conviction or the imposition of his sentence. Under those circumstances, the prisoner must successfully assert that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). It is not enough to merely state that the remedy is inadequate, but the prisoner must allege that the acts for which he was indicted do not establish the commission of a crime. *See Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see also Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Petitioner has failed his burden to establish that his remedy under Section 2255 is inadequate or ineffective. *Martin*, 319 F.3d at 803. He suggests his remedy is inadequate because

he is time-barred from filing a § 2255 motion. As the Court explained to Petitioner in the last § 2241 he filed in this court, a time-barred claim does not entitle him to seek relief through the statute's safety valve. Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Courts have specifically held that the remedy pursuant to § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Without providing any legal or factual support, Petitioner claims he has "cause" for filing a §2241 petition at this time. There is nothing in his pleading, however, that would otherwise suggest cause exists. All of the cases he cites were decided before he was even indicted. Therefore, his attack on the language of statute under which he was convicted does not begin to establish that he is "actually innocent." Petitioner never denies he lured a pizza delivery man away from Gino's Pizza with the intention of robbing and beating him with a firearm. His current challenge is on legal insufficiency, not the factual innocence necessary to raise a § 2241 claim under § 2255's savings clause. See Charles, 180 F.3d at 757.

## Conclusion

Based on the foregoing, this Petition is dismissed pursuant to 28 U.S.C. § 2243. The

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in.

      IT IS SO ORDERED.

                                           /s/ Donald C. Nugent 6/23/11
                                           DONALD C. NUGENT
                                           UNITED STATES DISTRICT JUDGE